| B104 (Rev. 2/92) | ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|---|

| PLAINTIFFS<br>Laurence Yelin | DEFENDANTS<br>Karen K. Yelin |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Jon H. Kurland, Esquire<br>139 Billerica Road<br>Chelmsford, MA 01824<br>(978) 256-2660 | ATTORNEYS (If Known)<br>Joseph T. King, Esquire<br>80 Washington Street, Bldg E<br>Norwell, MA 02061<br>(781) 871-8855 |

PARTY (Check one box only)    1 U.S. PLAINTIFF    2 U.S. DEFENDANT    X 3 U.S. NOT A PARTY

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
This is a Complaint to Object to Discharge or to determine dischargeability of a debt.
11 U.S.C. §727 (a)(4)(A) and 11 U.S.C. §523 (a)(2)(A)

### NATURE OF SUIT
(Check the one most appropriate box only.)

- 454 To recover money or property
- 435 To determine validity, priority, or extent of a lien or other interest in property
- 458 To obtain approval for the sale of both the interest of the estate of a co-owner in property
- X 424 To object or to revoke a discharge 11 U.S.C. § 727
- 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan
- 426 To determine the dischargeability of a debt 11 U.S.C. § 523
- 434 To obtain an injunction or other equitable relief
- 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan
- 456 To obtain a declaratory judgment relating to any of the foregoing of action
- 459 To determine a claim or cause of action removed to a bankruptcy court
- 498 Other (specify)

| ORIGIN OF PROCEEDINGS (Check one box only.) | X 1 Original Proceeding | 2 Removed Proceeding | 4 Reinstated or Reopened | 5 Transferred from Another Bankruptcy Court | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND $ | OTHER RELIEF SOUGHT<br>Determine dischargeability of debt | JURY DEMAND |
|---|---|---|

### BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR<br>Karen K. Yelin | BANKRUPTCY CASE NO.<br>04-19960 RS | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISIONAL OFFICE<br>Eastern | NAME OF JUDGE<br>Robert Somma |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

FILING FEE    (Check one box only.)    X FEE ATTACHED    FEE NOT REQUIRED    FEE IS DEFERRED

| DATE<br>May 6, 2005 | PRINT NAME<br>Jon H. Kurland | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Jon H. Kurland |
|---|---|---|

B 104 Reverse
(Rev. 2/92)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MASSACHUSETTS

*********************************

| | |
|---|---|
| IN RE: KAREN K. YELIN,<br>　　　　　　　　　　Debtor | CHAPTER 7<br>CASE NO. 04-19960 RS |

_____

| | |
|---|---|
| LAURENCE YELIN,<br>　　　　　　　Plaintiff<br>v.<br>KAREN K. YELIN,<br>　　　　　　　Defendant | ADVERSARY PROCEEDING<br>CASE NO.<br><br>COMPLAINT OBJECTING TO<br>DISCHARGE,OF DEBTOR |

*************************************

## COUNT ONE

The Complaint of LAURENCE YELIN respectfully alleges:

1. That this court has jurisdiction over this adversary proceeding pursuant to 28 U.S. C. §§1334 and 157. This is a core proceeding as defined by 28 U.S.C. § 157.

2. That he is a creditor as defined by 11 U.S.C. §101(10) and resides at 28 Hilsinger Road, Mt. Tabor, New Jersey.

3. The Defendant, KAREN K. YELIN (hereinafter referred to as "Defendant") is an individual residing at 28 Lurton Street, Quincy, Massachusetts.

4. Grounds exist for denial of the Debtor's discharge pursuant to 11 U.S.C. §§ 727 (a)(2)(A) are as follows:

　　a.　the Debtor in violation of 11 U.S.C. §727 (a)(4)(A) knowingly and fraudulently made a false oath or account in Schedule J of her bankruptcy petition. She stated that she paid sums for rent (or mortgage payments), various utilities, and homeowner's insurance. She pays nothing for those stated expenses. In fact these expenses are completely being paid by a co-owner with no contribution by the Debtor for those itemized expenses.

b.  the Debtor in violation of 11 U.S.C. §727 (a)(4)(A) knowingly and fraudulently made a false oath or account in her Statement of Financial Affairs by failing to disclose monthly car lease and student loan payments.

WHEREFORE, Plaintiff prays that the discharge of the Debtor's debts be denied and for such further relief as the court deems just and proper.

## COUNT TWO

5.  The Plaintiff realleges the allegations contained in Paragraphs One through Four of Count One of this Complaint and by reference incorporate them herein.

6.  Grounds exist for a exception to discharge of the Plaintiff's claims pursuant to 11 U.S.C. §§ 523 (a)(2)(A).

7.  The Defendant, knowingly and fraudulently accepted child support payments from the Plaintiff for children who were emancipated at the time that the payments were made.

8.  The Defendant knew that the Plaintiff's child support payments were being automatically deducted from his wages and refused to cooperate with the Plaintiff or in any other way assist the Hudson County probation department in Jersey City, New Jersey in confirming that one or more of the parties' children had become emancipated.

9.  On the contrary, the Defendant affirmatively opposed and obstructed the Plaintiff's efforts to reduce or terminate his child support through the courts and/or the Hudson County New Jersey probation department, so that his support would be commensurate with the actual number of minor children in Defendant's care and custody.

10. As a result of the willful and knowing conduct of the Defendant, the Plaintiff was compelled by the Hudson County New Jersey probation department to pay $74,100 in child support to the Defendant for children who were emancipated.

11. The Defendant accepted the said payments fraudulently and with full knowledge that some or all of the children for whom she was receiving child support were emancipated, yet she continued to accept these payments and refused to return them to the Plaintiff nor did she notify the Hudson County New Jersey probation department that one or more of the children were emancipated.

12. By Order of the Superior Court of New Jersey Chancery Division: Family Part Morris County, Docket Number FM-14-435-93, the Court determined that the

Plaintiff overpaid the Defendant $74,100 for child support for emancipated children and ordered the Defendant (Plaintiff in that action) to reimburse Mr. Yelin for those overpayments. A copy of the Order is attached hereto as Exhibit "A".

13. The Defendant has failed and refused to reimburse the Plaintiff for the child support overpayments that she accepted for children who were emancipated while the payments were being made to her by the Plaintiff.

14. By accepting these payments, by refusing to assist the Plaintiff in providing accurate information to the Hudson County New Jersey probation department, by opposing the Plaintiff's efforts to get the child support modified or terminated and by refusing to return child support overpayments made by the Plaintiff for children who had previously been emancipated, the Defendant has committed fraud upon the Plaintiff which fraudulent conduct is not dischargeable under 11 U.S.C. §§ 523 (a)(2)(A).

WHEREFORE the Plaintiff demands that this Honorable Court determine that the Plaintiff's claim against the Defendant is non-dischargeable and for such further relief as this Court deems fit.

May 6 2005

/s/ Jon H. Kurland
Jon H. Kurland, Esquire
KURLAND & GROSSMAN, P.C.
139 Billerica Road
Chelmsford, Massachusetts 01824
Telephone: (978) 256-2660
BBO# 281620
jkbkcy@kurlandgrossman.com

STEVEN ROBERT LEHR, P.C.
33 Clinton Road, Suite 100
West Caldwell, New Jersey 07006
(973) 575-8002
Attorneys for Defendant

RECORDED AS A LIEN
FILED
AUG 1 7 2003
STEPHAN HANSBURY
J.S.C.

FEB 2 5 2004

KAREN YELIN,

        Plaintiff,

v.

LAURENCE YELIN,

        Defendant.

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION : FAMILY PART
MORRIS COUNTY

Docket No. FM-14-435-93

ORDER

J 32889-04

THIS MATTER having been brought to the attention of the Court by Steven Robert Lehr, P.C. (Thomas R. Cooper IV, Esq., appearing), attorneys for the Defendant, Laurence Yelin, upon Notice of Motion; and the Court having read the papers submitted by the ~~parties and heard any~~ *defendant* *Plaintiff presenting nothing* ~~argument in support of and opposition to the within motion~~; and for good cause shown;

IT IS on this 17th day of ~~July~~ *August* 2003;

ORDERED as follows:

1. Defendant shall have no obligation to pay child support to the Plaintiff from this date forward;

2. Any and all arrearages that have accrued from April 4, 2003 to the present are hereby eliminated;

3. Plaintiff is to reimburse Defendant $74,100 for child support payments received by Plaintiff for emancipated children;

EXHIBIT "A"

4. Judgment in the amount of $74,100 - is entered against Plaintiff Karen Yelin in favor of Defendant Laurence Yelin;

5. A copy of this Order shall be served upon defendant or his counsel within seven (7) days of the date hereof.

_____ J.S.C.
STEPHAN C. HANSBURY, JUDGE
SUPERIOR COURT OF NEW JERSEY

This Motion was
____ Opposed
✓ Unopposed

The Court on 4-4-03 concluded Daniel was emancipated 5/98, Samantha 5/00. The court now concludes Amanda should have been emancipated 8/99 and now does so. That leads the court to conclude substantial refund is due - $74,100 (see attached calculation).

No opposition was presented by plaintiff to this motion. Plaintiff has also failed to submit any financial information required by the 4-4-03 order. The court concludes therefore Joshua's support and college costs are fully paid by other sources and defendant's assistance is not needed.

(see attached addendum)

**Daniel**
May 1998 through September 4, 2002 = $33,150

| | | |
|---|---|---|
| May 1998 | - December 1998 | $4550 |
| January 1999 | - December 1999 | $7800 |
| January 2000 | - December 2000 | $7800 |
| January 2001 | - December 2001 | $7800 |
| January 2002 | - August 2002 | $5200 |

**Samantha**
May 2000 through September 4, 2002 = $17,550

| | | |
|---|---|---|
| May 2000 | – December 2000 | $4550 |
| January 2001 | – December 2001 | $7800 |
| January 2002 | – August 2002 | $5200 |

**Amanda**
August 1999 through September 4, 2002 = $23,400

| | | |
|---|---|---|
| August 1999 | – December 1999 | $2600 |
| January 2000 | – December 2000 | $7800 |
| January 2001 | – December 2001 | $7800 |
| January 2002 | – August 2002 | $5200 |

**Total Refund = $74,100.00**