# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>KAREN E. YELIN,<br><br>Debtor<br><br>---<br><br>LAURENCE YELIN,<br><br>Plaintiff<br><br>v.<br><br>KAREN E. YELIN,<br><br>Defendant | Chapter 7<br>Case No. 04-19960-RS<br><br><br><br><br>Adversary Proceeding<br>No. 05-1341 |

## MEMORANDUM OF DECISION
## AND
## ORDER
## REGARDING PARTIAL SUMMARY JUDGMENT

Before the Court is a motion for partial summary judgment ("Summary Judgment Motion") filed in an adversary proceeding in the within Chapter 7 case. In the adversary proceeding, the Plaintiff seeks (a) denial of the Debtor's discharge pursuant to 11 U.S.C. sec. 727(a)(2)(A) ("Discharge Claim") and (b) an exception to discharge of the Plaintiff's claims pursuant to 11 U.S.C. sec. 523(a)(2)(A) ("Dischargeability Claim"). The Summary Judgment Motion is limited to the Discharge Claim.

Citing applicable and governing rules and decisions, the Plaintiff contends that, on the

uncontroverted facts before the Court, he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. V. Catrect*, 477 U.S. 317 (1986); *Kelly v. United States*, 724 F2d 355 (1st Cir. 1991). Conversely, the Debtor contends that summary judgment is not warranted where, as here, a reasonable trier of fact could draw inferences favorable to her from the totality of the circumstances revealed by the undisputed evidence. *Blanchard v. Peerless Ins. Co.*, 958 F2d 483, 488 (1st Cir. 1992).

The undisputed facts on which the Plaintiff bases the Summary Judgment Motion are these: (a) in her Schedule J, and reaffirmed at her Section 341 meeting and (at least initially) at a 2004 examination, the Debtor represented that she paid certain monthly household items when she did not actually do so; and (b) in her Statement of Financial Affairs, the Debtor did not disclose certain monthly car lease and student loan payments (which are nonetheless listed in her Schedule J). The Plaintiff alleges that these statements and omissions are material and knowingly and fraudulently made. The Debtor denies any fraudulent intent, contends that the presentation of information regarding her household expenses must be considered in the context of her household circumstances, and further contends that any misstatements or omissions were careless and not deliberate.

On February 14, 2006, the Court held a hearing on the Summary Judgment Motion. Upon reflection and consideration of the materials filed by the parties, the record of the proceedings to date, and the representations and arguments of counsel at the hearing, the Court discerns a genuine issue of material fact as to whether the Debtor's statements and omissions are materially misleading and, if so, were made deliberately or carelessly, thus precluding summary

judgment in favor of the Plaintiff. See *In re Varrasso*, 37 F3d 760, 764 (1st Cir. 1994). In such circumstances, the Court concludes that the matter should be determined by trial and not by summary judgment.

### ORDER

For the reasons set forth above, the Court hereby **denies** the Plaintiff's Motion for Partial Summary Judgment. The trial in this adversary proceeding shall be held on Wednesday, March 15, 2006, commencing at 10:00 a.m.

Dated: February 23, 2006

_____
Robert Somma
United States Bankruptcy Judge

cc:   Jon H. Kurland, Esq.
      Joseph T. King, Esq.